**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Nolan E. Shanahan (NS-4598)

Attorneys for Defendant, Marilyn Hutchings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOUGLAS E. PALERMO,<br><br>        Debtor. | Case No. 05-25081 (ASH)<br><br>Chapter 7 |
| DAVID R. KITTAY, TRUSTEE<br><br>        Plaintiff,<br><br>    vs.<br><br>MARILYN HUTCHINGS,<br><br>        Defendant. | Adv. Pro. No.  07-8311 (ASH)<br><br>**DEFENDANT'S MOTION TO**<br>**WITHDRAW THE**<br>**REFERENCE FROM THE**<br>**BANKRUPTCY COURT** |

     Defendant Marilyn Hutchings ("Hutchings" or "Defendant") hereby moves pursuant to 28 U.S.C. § 157(e) and Federal Rule of Bankruptcy Procedure 5011 to withdraw the reference of this Adversary Proceeding from the Bankruptcy Court for the Southern District of New York and to stay all proceedings in the Bankruptcy Court pending the determination of this motion.

<u>**PRELIMINARY STATEMENT**</u>

     Defendant is entitled to and, as set forth in her Answer to the Complaint in this adversary proceeding, has requested a jury trial in this action.  Pursuant to the provisions of 28 U.S.C. § 157, the Bankruptcy Court may only conduct a jury trial "if specifically designated to exercise

such jurisdiction by the district <u>and</u> with the <u>express consent of the parties</u>." 28 U.S.C. §

157(e)(emphasis added).  Defendant does not consent to a jury trial in the Bankruptcy Court and

therefore the reference with respect to the instant adversary proceeding must be withdrawn.

As discovery has been completed in this action, Defendant also requests that all

proceedings in the Bankruptcy Court, including Plaintiff's presumptive motion for summary

judgment, be stayed until such time as the instant motion has been decided.

### STATEMENT OF FACTS

On October 14, 2005 (the "Petition Date"), Douglas E. Palermo ("Debtor") filed a

petition seeking relief under Chapter 7 of Title 11, United States Code in the United States

Bankruptcy Court for the Southern District of New York.

On or about October 12, 2007, the Trustee, David R. Kittay ("Plaintiff') served the

Defendant, the Debtor's former wife, with an Adversary Complaint (the "Complaint") seeking

money damages on the basis of an alleged fraudulent conveyance and/or avoidable preferential

payment.  A true and accurate copy of the Complaint (without exhibits) is attached hereto as

Exhibit A.

Defendant filed and served her Answer on or about December 4, 2007, a true and

accurate copy of which is annexed hereto as Exhibit B.  Contained within the Answer was a

demand for a trial by jury in this adversary proceeding.

While the relief requested in the Complaint is pled in several, alternative fashions, the

ultimate relief requested is the same – money damages in the amount of $100,000 for an alleged

fraudulent conveyance and/or avoidable preferential payment.  This amount corresponds to a

pre-petition transfer from the Debtor to the Defendant in connection with the finalization of their

divorce.

2

Discovery has now been completed in this proceeding and Plaintiff has requested and received a briefing schedule for a motion for summary judgment. Pursuant to that briefing schedule, Plaintiff has not yet filed and served his initial moving papers as such papers are not due until May 13, 2008. However, by an Order dated May 2, 2008, District Judge Kenneth M. Karas withdrew the reference from the Bankruptcy Court in the adversary proceeding entitled David R. Kittay, Trustee, v. Daniel McLean, MCL Companies of Chicago, Inc. and SB Housing Enhancement, LLC, Adv. Pro. No. 08-8205 (ASH), Case No. 08-CV-1136(KMK). A true and accurate copy of Judge Karas' Order is attached hereto as Exhibit C. As in this action, the Trustee seeks, among other causes of action, the return of funds that Mr. McLean and his entities received from the Debtor pre-petition.

## ARGUMENT

In light of the foregoing facts, Defendant is clearly entitled to a jury trial in this adversary proceeding. Because Defendant does not consent to such a trial being conducted in the Bankruptcy Court, the reference must be withdrawn and the trial must be held in the District Court.

It is well-established that defendants in adversary proceedings to recover alleged fraudulent conveyances have an absolute Seventh Amendment right to a jury trial unless they have submitted to the Bankruptcy Court's equitable jurisdiction by filing claims as creditors. Langenkamp v. Culp, 498 U.S. 42, 44-45 (1990); see also Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 46, 49 (1989). Defendant has not consented to the equitable jurisdiction of the Bankruptcy Court by asserting or filing any claims against the Debtor's estate. As such, Defendant is entitled to a jury trial.

There can be no credible dispute that the Bankruptcy Court lacks authority to conduct a jury trial in this case. The Bankruptcy Court is authorized to conduct a jury trial only "if

3

specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties." 28 U.S.C. § 157(e); Rickel & Assocs., Inc. v. Smith (In re Rickel & Assocs., Inc.), No. 98-B-47203, 2003 WL 23021972, at *3 (Bankr. S.D.N.Y. Dec. 24, 2003)( in the absence of express consent from all the parties, the Bankruptcy Court may not conduct a jury trial).  Defendant has demanded a jury trial and has not consented to such a trial being held in Bankruptcy Court.

Furthermore, in light of Judge Karas' recent decision on similar facts in another adversary proceeding arising from the same Debtor's bankruptcy filing, it is respectfully submitted that all proceedings in the Bankruptcy Court be stayed until the instant motion has been determined in accordance with Fed.R.Bankr.P. 5011.  Principles of fundamental fairness and judicial economy dictate that, if the trial of this action will be held in the District Court, as is likely given the strength of Defendant's legal arguments as applied to the facts of this action in addition to Judge Karas' recent Order, that any dispositive motion should similarly be decided in that Court.  "Due to the fact that a District Court Judge must eventually preside over the jury trial in this matter, it would constitute a tremendous waste of judicial resources to permit the bankruptcy judge to continue to maintain jurisdiction over the issues presented in this litigation." Gumport v. Growth Fin. Corp. (In re Transcon Lines), 121 B.R. 837, 838 (Bankr. C.D. Cal. 1990).  As Plaintiff has not yet filed and served his presumptive motion for summary judgment, there will be no prejudice associated with a stay of the proceedings at this time.

43741/0001-3110239v1

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the reference to the

Bankruptcy Court be withdrawn in this Adversary Proceeding, that all proceedings in this

Adversary Proceeding only in the Bankruptcy Court be stayed pending the determination of this

motion, and that this Court grant such other and further relief as is just, necessary and proper.

DATED:        New York, New York
              May 9, 2008


                                        COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD, P.A.
                                        A Professional Corporation



                                        By:____/s/ Nolan E. Shanahan_____
                                             Laurence May, Esq. (LM-9714)
                                             Nolan E. Shanahan (NS-4598)
                                             Attorneys for Defendant
                                             Marilyn Hutchings
                                             900 Third Avenue, 16th Floor
                                             New York, New York 10022-4728
                                             (212) 752-8000



TO:

STORCH AMINI & MUNVES, PC
Attn:   Bijan Amini (BA-3533)
        Russell Bogart (RB-0320)
        Jonathan Bardavid (JB-0072)
Attorneys for Plaintiff
David R. Kittay, Trustee
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

43741/0001-3110239v1

STORCH AMINI & MUNVES, P.C.
140 East 45th Street, 25th Floor
New York, New York 10017
Bijan Amini (BA 3533)
Russell Bogart (RB 0320)
Jonathan Bardavid (JB 0072)
212-490-4100

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                    :        Chapter 7
                                                          :
DOUGLAS E. PALERMO,                                       :        Case No. 05 B 25081 (ASH)
                                                          :
                                      Debtor.             :
-------------------------------------------------------------x
                                                          :
    DAVID R. KITTAY, TRUSTEE,                             :        Adv. Pro. No.
                                                          :
                                      Plaintiff,          :
                                                          :
              - against -                                 :
                                                          :        **COMPLAINT**
                                                          :
MARILYN HUTCHINGS,                                        :
                                      Defendant.          :
-------------------------------------------------------------x

        David R. Kittay (the "Trustee" or "Plaintiff"), as Chapter 7 successor Trustee of the

bankruptcy estate of Douglas E. Palermo (the "Debtor"), by his attorneys, Storch Amini &

Munves, P.C., for his complaint against Marilyn Hutchings ("Hutchings" or "Defendant"),

alleges as follows:

### Introduction

        1.      On October 14, 2005 (the "filing date"), the Debtor filed a petition seeking relief

under Chapter 7 of Title 11, United States Code (the "Bankruptcy Code") in the United States

Bankruptcy Court for the Southern District of New York (the "Court").

2.    On October 16, 2005, Eric Kurtzman was appointed Chapter 7 trustee of the Debtor's estate.

3.    Mr. Kurtzman subsequently passed away and, on January 23, 2006, David R. Kittay was appointed Chapter 7 successor Trustee.

4.    Plaintiff is the duly qualified and acting Trustee herein.

5.    This is an adversary proceeding seeking to avoid a preferential transfer and fraudulent conveyance pursuant to Sections 547(b), 548 and 550 of the Bankruptcy Code and Rule 7001 et seq. of the Federal Rules of Bankruptcy Procedure.

## Jurisdiction and Venue

6.    This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 1134(b) and 157(a) and (b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

7.    This is a core proceeding under 28 U.S.C. §§ 157(b) (2) (A), (E), (F), (H) and (O) and arises in the Chapter 7 case of the Debtor pending before this Court.

8.    Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## The Parties

9.    The Plaintiff maintains an office at 100 White Plains Road, Tarrytown, New York 10591.

2

10.    Marilyn Hutchings is an individual over the age of 18 whose postal address is P.O. Box 1374, Lennox Hill Station, New York, New York, 10021 and is believed to reside at 255 E. 72nd Street, Apt. 45, New York, New York 10021.  In a related proceeding, the Debtor's attorney, Frederick E. Schmidt, Esq. of the law firm of Cole, Schotz, Meisel, Forman and Leonard, P.A. accepted service of a subpoena for Hutchings.

11.    The Debtor is an individual.

## BACKGROUND

12.    Since 1970, the Debtor has worked as a self-employed real estate consultant.  The services he provided included identifying real property development sites for clients, procuring financing, and identifying potential purchasers or joint venture partners.

13.    Morris Silver ("Silver") is a certified public accountant who provided accounting services to the Debtor and to certain of the Debtor's businesses.  Silver also occasionally loaned money to the Debtor before and after 1990.  Silver organized and controlled an entity called Doubet, LLC ("Doubet").

14.    In 1990, Silver commenced three lawsuits against the Debtor in the Supreme Court of the State of New York, Nassau County, seeking to recover unpaid accounting fees and unpaid notes executed by the Debtor.  Silver obtained three default judgments against the Debtor in 1990, in the aggregate amount of $1,017,206 ("State Court Judgments").  As of the date of the Debtor's bankruptcy filing, the Debtor owed $2,751,299, including statutory interest, on the State Court Judgments.  Silver assigned the three State Court Judgments to Doubet.

15.    On March 3, 2006, after the filing date, Doubet commenced an adversary

3

proceeding in the Debtor's bankruptcy case titled, <u>Doubet, LLC v. Douglas E Palermo</u>, Adv.

Proc. No. 06-8285A (SDNY Bkrptcy), seeking that the Debtor should be denied a discharge

under the Bankruptcy Code, 11 U.S.C. §§ 727(a)(2), (3) and (5).  In a July 9, 2007 decision,

issued after trial, the Court determined that the discharge should be denied on all three grounds.

<u>See</u> the July 9, 2007 Decision annexed hereto as Exhibit A.

16.    Section 727(a)(2) precludes a discharge "if the debtor (1) with intent to hinder,

delay, or defraud a creditor (2) transfers, removes, destroys, mutilates, or conceals, or has

permitted to be transferred, removed, destroyed, mutilated, or concealed, (3) property of the

debtor (4) within one year of the petition date." <u>Id</u>. at  15.  The Court held that "there can be no

doubt that" the Debtor, who was personally insolvent since the 1990 default judgments entered

against him, met the statutory exception to discharge provided under Section 727(a)(2).  <u>Id</u>. at 18.

Additionally, the Court found that the Debtor "orchestrated complex deals to evade his

creditors" and siphoned "off his money to his various shell entities." <u>Id</u>. at 17-19.

### <u>Entities That Debtor Controlled</u>

17.    Norfolk Financial, LLC ("Norfolk"), was purportedly formed in 2004 but ceased

operations in 2005.  Debtor was the sole shareholder of Norfolk.

18.    Norfolk, upon information and belief, was controlled by Palermo's friend and

business colleague, William Chapman, and used by the Debtor to pay for his living expenses and

the living expenses of his children.

19.    Norfolk constituted an alter ego of the Debtor, which he abused to enable his

fraudulent schemes and to avoid his creditors.

## FACTS

20.     The Debtor wholly owned an entity, Brook Financial, which fully owned South Boston Housing Enhancement, LLC.  The Debtor sold for a price of $322,895, eighty percent (80%) of the interest he held in Brook Financial.  The Debtor received this payment of $322,895 in eleven installments from August 5, 2005 to October 27, 2005, including an advance of $100,000 on October 6, 2005.

21.     The Debtor engaged in this transaction involving Brook Financial as part of a scheme to evade Restraining Notices served by Doubet on several parties to facilitate collection on the judgments entered against the Debtor in New York State Supreme Court in 1990.  See Exhibit A, pp 9-14.

22.     On October 7, 2005, exactly one week before filing for bankruptcy, the Debtor transferred that same $100,000 relating to Brook Financial from Norfolk to Marilyn Hutchings, his then wife ("the Hutchings Transfer").

23.     On October 13, 2005, the Debtor entered into a Separation Agreement with Hutchings.

24.     The Separation Agreement required the Debtor to pay $1.2 million to Ms. Hutchings, with $100,000 due upon the signing and delivery of the agreement, another $100,000 due on April 4, 2006 and then $100,000 due every six months for five years.  The Hutchings Transfer was the only payment the Debtor made in full pursuant to the Separation Agreement. He also paid $34,477 on January 18, 2006, and $25,000 on August 4, 2006 to his ex-wife.

## FIRST CLAIM FOR RELIEF
### (Preference Pursuant to 11 U.S.C. §547(b) and §550)

25.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

26.    Section 550 of the Bankruptcy Code empowers the Trustee, for the benefit of the estate, to recover a transfer that is avoidable pursuant to Section 547 of the Bankruptcy Code.

27.    Pursuant to Section 547(b) of the Bankruptcy Code, the Trustee may avoid any transfer of an interest of the Debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed by the Debtor before such transfer was made, (c) made while the Debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under Chapter 7 of the Bankruptcy Code if the transfer had not been made.

28.    During the 90 day period prior to filing a petition for bankruptcy protection, the Debtor made the Hutchings Transfer to Hutchings.

29.    The Hutchings Transfer was to or for the benefit of Hutchings, a creditor of Debtor.

30.    The Hutchings Transfer was on account of antecedent debts owed by Debtor to Hutchings before such transfer was made.

31.    The Hutchings Transfer to Hutchings was made while Debtor was insolvent.

32.    The Hutchings Transfer enabled Hutchings to recover more than she would have received if (a) the Hutchings Transfer had not been made, (b) the case were a case under Chapter

6

7, and (c) Hutchings received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

33.     By reason of the foregoing, the Hutchings Transfer should be avoided and set aside as preferential and the money transferred should be returned to the Trustee.  The Trustee is entitled to recover from Hutchings an amount to be determined at trial that is not less than $100,000 plus interest thereon to the date of payment and the costs of this action.

## SECOND CLAIM FOR RELIEF
## TURNOVER PURSUANT TO 11 U.S.C. §542

34.     Plaintiff repeats and realleges each and every allegation above.

35.     The funds transferred to Hutchings via the Hutchings Transfer constitute Property of the Estate of the Debtor that have benefit and value to the Debtor's bankruptcy estate.

36.     Hutchings remains in possession and control of the Property of the Debtor's Estate, i.e., the proceeds of the Hutchings Transfer.

37.     Hutchings' retention of the funds constituting property of the Estate is improper.

38.     Based on the foregoing, the Court should compel Hutchings to turn over the funds constituting the property of the Estate of the Debtor, and any other monies the Trustee determines through discovery are owed to the Estate, to the Trustee.

## THIRD CLAIM FOR RELIEF
## (Fraudulent Conveyance Pursuant to 11 U.S.C . §§544(b)(1) and 550 and New York Debtor and Creditor Law §273)

39.     Plaintiff repeats and realleges each and every allegation above.

40.     The Hutchings Transfer was made when the Debtor was insolvent or rendered the Debtor insolvent.

41.    The Hutchings Transfer was made without fair consideration and constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

42.    The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of the fraudulent conveyance.

43.    By reason of the foregoing, the Hutchings Transfer should be avoided and the Trustee is entitled to recover the value of the transfer from Hutchings in an amount to be determined at trial, which is not less than $100,000, plus interest.

**FOURTH CLAIM FOR RELIEF**
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)**
**and 550 and New York Debtor and Creditor Law §274**

44.    Plaintiff repeats and realleges each and every allegation above.

45.    The Hutchings Transfer from Debtor to Hutchings was made while the Debtor was engaged in a business for which the property remaining in its hands after the transfer was unreasonably small capital.

46.    The Hutchings Transfer was made without fair consideration and constitutes a fraudulent conveyance as to creditors at that time and as to other persons who became creditors during the continuance of the business.

47.    By reason of the foregoing, the Hutchings Transfer should be avoided and the Trustee is entitled to set aside and recover the value of the Transfer in an amount to be determined at trial, which is not less than $100,000, plus interest.

### FIFTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law §275)**

48.    Plaintiff repeats and realleges each and every allegation above.

49.    At the time of the Hutchings Transfer, the Debtor intended to or believed that the Debtor would incur debts beyond the Debtor's ability to pay as the debts mature.

50.    The Hutchings Transfer was made without fair consideration and constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

51.    The Trustee is asserting the rights of unsecured creditors whose unsecured claims date back to the date of the fraudulent conveyance.

52.    By reason of the foregoing, the Hutchings Transfer should be avoided and Plaintiff is entitled to recover the value of the transfer from Defendant in an amount to be determined at trial, which is not less than $100,000, plus interest.

### SIXTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b)
and 550 and New York Debtor and Creditor Law §276)**

53.    Plaintiff repeats and realleges each and every allegation above.

54.    The Debtor engaged in the Hutchings Transfer with an actual intent to hinder, delay or defraud present or future creditors.

55.    The Hutchings Transfer constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

56.    The Trustee is asserting the rights of unsecured creditors whose unsecured claims

date back to the date of the fraudulent conveyance.

57.     By reason of the foregoing, the Hutchings Transfer should be avoided and the Trustee is entitled to recover the value of the transfer from Hutchings in an amount to be determined at trial, which is not less than $100,000, plus interest and attorneys' fees.

## SEVENTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A) AND 550)

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 to 12 hereof as if fully set forth herein.

59.     The Hutchings Transfer was made with actual intent to hinder, delay or defraud an entity to which the Debtor was indebted or to which the Debtor became indebted after the date of the transfer of the Equity.

60.     The Hutchings Transfer constitutes a fraudulent conveyance as to the Estate's or Debtor's creditors.

61.     By reason of the foregoing, the transfer should be avoided and Plaintiff is entitled to recover the value of the transfer from Hutchings in an amount to be determined at trial, which is not less than $100,00 plus interest.

## EIGHTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(I) AND 550)

62.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 to  hereof as if fully set forth herein.

63.     The Debtor received less than a reasonably equivalent value in exchange for the

Hutchings Transfer.

64.    The Debtor was insolvent on the date of the Hutchings Transfer or became insolvent as a result of the Hutchings Transfer.

65.    The Hutchings Transfer constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

66.    By reason of the foregoing, the transfer should be avoided and Plaintiff is entitled to recover the value of the transfer from Defendant in an amount to be determined at trial, which is not less than $100,000, plus interest.

**NINTH CLAIM FOR RELIEF**
**(FRAUDULENT CONVEYANCE PURSUANT TO**
**11 U.S.C. §§ 548(a)(1)(B)(i) and (ii)(III) AND 550)**

67.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 to  hereof as if fully set forth herein.

68.    The Debtor received less than a reasonably equivalent value in exchange for the Hutchings transfer.

69.    At the time of the Hutchings transfer, the Debtor intended to incur or believed that he would incur debts that would be beyond the Debtor's ability to pay as such debts matured.

70.    The Hutchings transfer constitutes a fraudulent conveyance as to the estate's or Debtor's creditors.

71.    By reason of the foregoing, the Hutchings Transfer should be avoided and Plaintiff is entitled to recover the value of the transfer from Defendant in an amount to be determined at trial, which is not less than $100,000 plus interest.

11

### TENTH CAUSE OF ACTION
### Fraudulent Conveyance Pursuant to 11 U.S.C. §§544(b)
### and 550 and New York Debtor and Creditor Law §273-A

72.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

73.     The Hutchings Transfer was made without fair consideration.

74.     At the time the Debtor made the Hutchings Transfer, Doubet held the three State Court Judgments against the Debtor.  The Debtor, to date, has not satisfied those three State Court Judgments.

75.     By reason of the foregoing, the Hutchings Transfer should be avoided and Plaintiff is entitled to recover the value of the transfer from Defendant in an amount to be determined at trial, which is not less than $100,000 plus interest.

### ELEVENTH CAUSE OF ACTION
### ACCOUNTING

76.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

77.     Hutchings has profited from the Hutchings Transfer for which no consideration was given to the Debtor.

78.     By reason of the foregoing, the Trustee is entitled to an accounting of all transfers from the Debtor to Hutchings from October 2005 through the present and an accounting of the reasons for each transfer.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant (i) on the First Claim for relief directing Defendant to pay to the Plaintiff the

amount of the Hutchings Transfer in an amount to be determined at trial that is not less than

$100,000 plus interest and costs; (ii) on the Second Claim for relief directing Hutchings to turn

over the funds constituting the property of the Estate of the Debtor, and any other monies the

Trustee determines through discovery are owed to the Estate, to the Trustee; (iii) on the Third

through Tenth Claims for Relief, voiding Hutchings Transfer and for damages on behalf of the

Debtor in an amount to be determined at trial, which is not less than $100,000 as well as any

additional amounts that may be revealed in discovery, plus interest; directing that a money

judgment be entered for that amount, and attaching the assets of all Defendants to prevent

transfers therefrom in the foregoing amounts; (iv) on the Eleventh Claim for Relief directing an

accounting of all transfers from the Debtor to Hutchings from October 2005 through the present

and an accounting of the reasons for each transfer and (v) granting such other and further relief as

may appear just and proper.

Dated: October 12, 2007
       New York, NY


                                        STORCH AMINI & MUNVES, P.C.


                                        By: _____
                                            Bijan Amini (BA 3533)
                                            Russell Bogart (RB 0320)
                                            Jonathan Bardavid (JB 0072)
                                            140 East 45th Street, 25th Floor
                                            New York, New York 10017
                                            (212) 490-4100
                                            Attorneys for Plaintiff

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
900 Third Avenue, 16th floor
New York, NY 10022-4728
(212) 752-8000
(212) 752-8393 Facsimile
Laurence May, Esq. (LM-9714)
Nolan E. Shanahan (NS-4598)

Attorneys for Defendant, Marilyn Hutchings

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DOUGLAS E. PALERMO,<br><br>         Debtor. | Case No. 05-25081 (ASH)<br><br>Chapter 7 |
| DAVID R. KITTAY, TRUSTEE<br>         Plaintiff,<br><br>     vs.<br><br>MARILYN HUTCHINGS,<br>         Defendant. | Adv. Pro. No.  07-8311 (ASH)<br><br>**ANSWER**<br><br>**DEFENDANT DEMANDS<br>TRIAL BY JURY** |

Defendant Marilyn Hutchings ("Hutchings" or "Defendant"), by and through her counsel

Cole, Schotz, Meisel, Forman & Leonard, P.A., as and for her Answer the Complaint of plaintiff

David R. Kittay, Trustee ("Trustee" or "Plaintiff") dated October 12, 2007, hereby states as

follows:

## <u>Introduction</u>

1.     Defendant makes no response to the allegations contained in paragraph "1" of the

Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to

pertain to her, the same are denied.

2.      Defendant makes no response to the allegations contained in paragraph "2" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

3.      Defendant makes no response to the allegations contained in paragraph "3" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

4.      Defendant makes no response to the allegations contained in paragraph "4" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

5.      Defendant makes no response to the allegations contained in paragraph "5" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

### Jurisdiction and Venue

6.      Defendant makes no response to the allegations contained in paragraph "6" of the Complaint, inasmuch as the same calls for legal conclusions.

7.      Defendant makes no response to the allegations contained in paragraph "7" of the Complaint, inasmuch as the same calls for legal conclusions.

8.      Defendant makes no response to the allegations contained in paragraph "8" of the Complaint, inasmuch as the same calls for legal conclusions.

### The Parties

9.      Defendant makes no response to the allegations contained in paragraph "9" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

43741/0001-3108428v2

10.    Defendant admits the allegations contained in paragraph "10" of the Complaint, except denies that the preceding for which service of a subpoena was accepted was "related."

11.    Defendant admits the allegations contained in paragraph "11" of the Complaint.

## BACKGROUND

12.    Defendant makes no response to the allegations contained in paragraph "9" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

13.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint, and therefore leaves Plaintiff to his proofs.

14.    Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint, and therefore leaves Plaintiff to his proofs.

15.    Defendant makes no response to the allegations contained in paragraph "15" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

16.    Defendant makes no response to the allegations contained in paragraph "16" of the Complaint, inasmuch as the same calls for legal conclusions.

### Entities That Debtor Controlled

17.    Defendant makes no response to the allegations contained in paragraph "17" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

43741/0001-3108428v2

18.     Defendant makes no response to the allegations contained in paragraph "18" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

19.     Defendant makes no response to the allegations contained in paragraph "19" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

## FACTS

20.     Defendant makes no response to the allegations contained in paragraph "20" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

21.     Defendant makes no response to the allegations contained in paragraph "21" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

22.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint, and therefore leaves Plaintiff to his proofs, with the exception that Defendant admits that she received a payment of $100,000 from the Debtor in connection with their Separation Agreement.

23.     Defendant admits the allegations contained in paragraph "23" of the Complaint.

24.     Defendant denies the allegations contained in paragraph "24" of the Complaint inasmuch as the document referenced therein speaks for itself, except admits receiving certain payments pursuant to a Separation Agreement.

## FIRST CLAIM FOR RELIEF
### (Preference Pursuant to 11 U.S.C. § 547(b) and §550)

25.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

26.    Defendant makes no response to the allegations contained in paragraph "26" of the Complaint, inasmuch as the same calls for legal conclusions.

27.    Defendant makes no response to the allegations contained in paragraph "27" of the Complaint, inasmuch as the same calls for legal conclusions.

28.    Defendant admits the allegations contained in paragraph "28" of the Complaint.

29.    Defendant admits the allegations contained in paragraph "29" of the Complaint.

30.    Defendant denies the allegations contained in paragraph "30" of the Complaint.

31.    Defendant denies the allegations contained in paragraph "31" of the Complaint.

32.    Defendant denies the allegations contained in paragraph "32" of the Complaint.

33.    Defendant denies the allegations contained in paragraph "33" of the Complaint.

## SECOND CLAIM FOR RELIEF
### TURNOVER PURSUANT TO 11 U.S.C. § 542

34.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

35.    Defendant denies the allegations contained in paragraph "35" of the Complaint.

36.    Defendant denies the allegations contained in paragraph "36" of the Complaint.

37.    Defendant denies the allegations contained in paragraph "37" of the Complaint.

38.    Defendant denies the allegations contained in paragraph "38" of the Complaint.

43741/0001-3108428v2

### THIRD CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 5447(b)(1) and 550
and New York Debtor and Creditor Law § 273)**

39.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

40.     Defendant denies the allegations contained in paragraph "40" of the Complaint.

41.     Defendant denies the allegations contained in paragraph "41" of the Complaint.

42.     Defendant denies the allegations contained in paragraph "42" of the Complaint.

43.     Defendant denies the allegations contained in paragraph "43" of the Complaint.

### FOURTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law § 274)**

44.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

45.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph "45" of the Complaint, and therefore leaves Plaintiff to his proofs.

46.     Defendant denies the allegations contained in paragraph "46" of the Complaint.

47.     Defendant denies the allegations contained in paragraph "47" of the Complaint.

### FIFTH CLAIM FOR RELIEF
**(Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
and 550 and New York Debtor and Creditor Law § 275)**

48.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

49.     Defendant makes no response to the allegations contained in paragraph "49" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

43741/0001-3108428v2

50.     Defendant denies the allegations contained in paragraph "50" of the Complaint.

51.     Defendant denies the allegations contained in paragraph "51" of the Complaint.

52.     Defendant denies the allegations contained in paragraph "52" of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b) and 550 and New York Debtor and Creditor Law § 276)

53.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

54.     Defendant makes no response to the allegations contained in paragraph "54" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

55.     Defendant denies the allegations contained in paragraph "55" of the Complaint.

56.     Defendant denies the allegations contained in paragraph "56" of the Complaint.

57.     Defendant denies the allegations contained in paragraph "57" of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO 11 U.S.C. §§ 544(a)(1)(A) and 550)

58.     Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

59.     Defendant makes no response to the allegations contained in paragraph "59" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

60.     Defendant denies the allegations contained in paragraph "60" of the Complaint.

61.     Defendant denies the allegations contained in paragraph "61" of the Complaint.

43741/0001-3108428v2

## EIGHTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO
### 11 U.S.C. §§ 544(a)(1)(B)(i) and (ii)(I) and 550)

62.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

63.    Defendant denies the allegations contained in paragraph "63" of the Complaint.

64.    Defendant denies the allegations contained in paragraph "64" of the Complaint.

65.    Defendant denies the allegations contained in paragraph "65" of the Complaint.

66.    Defendant denies the allegations contained in paragraph "66" of the Complaint.

## NINTH CLAIM FOR RELIEF
### (FRAUDULENT CONVEYANCE PURSUANT TO
### 11 U.S.C. §§ 544(a)(1)(B)(i) and (ii)(III) and 550)

67.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

68.    Defendant denies the allegations contained in paragraph "68" of the Complaint.

69.    Defendant makes no response to the allegations contained in paragraph "69" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

70.    Defendant denies the allegations contained in paragraph "70" of the Complaint.

71.    Defendant denies the allegations contained in paragraph "71" of the Complaint.

## TENTH CAUSE OF ACTION
### Fraudulent Conveyance Pursuant to 11 U.S.C. §§ 544(b)
### and 550 and New York Debtor and Creditor Law § 273-A

72.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

73.    Defendant denies the allegations contained in paragraph "73" of the Complaint.

43741/0001-3108428v2

74.    Defendant makes no response to the allegations contained in paragraph "74" of the Complaint, inasmuch as the same do not pertain to her.  Inasmuch as the same are deemed to pertain to her, the same are denied.

75.    Defendant denies the allegations contained in paragraph "73" of the Complaint.

**ELEVENTH CAUSE OF ACTION**
**ACCOUNTING**

76.    Defendant repeats, realleges and incorporates herein each and every response to the prior allegations of the Complaint as though more fully set forth at length herein.

77.    Defendant denies the allegations contained in paragraph "77" of the Complaint.

78.    Defendant denies the allegations contained in paragraph "78" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE**

The relief sought in the Complaint will not benefit the estate as required by 11 U.S.C. § 550(a).

**FOURTH AFFIRMATIVE DEFENSE**

Debtor's obligation to the Defendant is either a domestic support obligation pursuant to 11 U.S.C. § 523(a)(5), or to a spouse pursuant to 11 U.S.C. § 523(a)(15), and was incurred by the Debtor in the course of a divorce, separation agreement, divorce decree or other order of a court of record and cannot be found to be fraudulent for lack of consideration or otherwise.

43741/0001-3108428v2

## FIFTH AFFIRMATIVE DEFENSE

Defendant is a transferee for value and in good faith and to the extent any transfer is voided, Defendant is entitled to the rights afforded under 11 U.S.C. § 548(c).

## SIXTH AFFIRMATIVE DEFENSE

The alleged "Hutchings Transfer" was made in the ordinary course of business or financial affairs of the Debtor and according to ordinary business terms.

## SEVENTH AFFIRMATIVE DEFENSE

The alleged "Hutchings Transfer" was intended by the Debtor and the Defendant to be a contemporaneous exchange for new value given to the Debtor, and was in fact a substantially contemporaneous exchange.

## EIGHTH AFFIRMATIVE DEFENSE

Subsequent to the alleged "Hutchings Transfer," the Defendant gave new value on account of which the Debtor did not make an otherwise unavoidable transfer to or for the benefit of Defendant.

## JURY DEMAND

Defendant hereby demands a trial by jury in this action.

43741/0001-3108428v2

WHEREFORE, Defendant demands judgment denying the relief sought in and

dismissing the Complaint in its entirety, together with all such other and further relief the Court

deems just, necessary and proper.

DATED:        New York, New York
              December 4, 2007


                                        COLE, SCHOTZ, MEISEL,
                                        FORMAN & LEONARD, P.A.
                                        A Professional Corporation



                                        By: ___/s/ Laurence May_____
                                              Laurence May, Esq. (LM-9714)
                                              Nolan E. Shanahan (NS-4598)
                                              Attorneys for Defendant
                                              Marilyn Hutchings
                                              900 Third Avenue, 16th Floor
                                              New York, New York 10022-4728
                                              (212) 752-8000


TO:

STORCH AMINI & MUNVES, PC
Attn:   Bijan Amini (BA-3533)
        Russell Bogart (RB-0320)
        Jonathan Bardavid (JB-0072)
Attorneys for Plaintiff
David R. Kittay, Trustee
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

43741/0001-3108428v2

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DOUGLAS E. PALMERMO,

                Debtor.

Case No. 08-CV-1136 (KMK)

05-B-25081 (ASH)


ORDER

KENNETH M. KARAS, District Judge:

      Discovery in the above-referenced case is now complete. Although the bankruptcy court

scheduled a trial date, Defendants do not consent to trying the case in bankruptcy court pursuant

to 28 U.S.C. § 157(e). Accordingly, Defendants' motion to withdraw the bankruptcy reference is

GRANTED. The Parties shall return for a conference on May 21, 2008 at 11:30 a.m.

      The Clerk of Court is respectfully directed to close the pending motion (Dkt. No. 1).

SO ORDERED.

Dated:      May 2 , 2008
             White Plains, New York

                                KENNETH M. KARAS
                                UNITED STATES DISTRICT JUDGE