USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

DOUGLAS E. PALMERMO,

                                    Debtor.

Case No. 08-CV-4740 (KMK)

05-B-25081 (ASH)

---

DAVID R. KITTAY, TRUSTEE,

                                    Plaintiff,

ORDER

        -v-

MARILYN HUTCHINGS,

                                    Defendant.

---

KENNETH M. KARAS, District Judge:

        On May 21, 2008, Defendant Marilyn Hutchings filed a motion to withdraw the

bankruptcy reference in the above-referenced adversary proceeding. (Dkt. No. 1.) Defendant

followed this motion with a letter dated May 28, 2008, requesting that the Court grant a stay of

the bankruptcy proceedings. Apparently, Judge Hardin has denied Defendant's request for a stay

and has directed the Trustee Defendant to proceed with his summary judgment motion.

        "[A] 'district court may withdraw . . . any case or proceeding referred [to the bankruptcy

court] on its own motion or on a timely motion of the party, for cause shown.'" *In re Orion

Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) (citing 28 U.S.C. § 157(d)). Although 28

U.S.C. § 157(d) does not define the term "cause," the Second Circuit has advised district courts

to consider a number of factors, including: "whether the claim or proceeding is core or non-core,

whether it is legal or equitable, and considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Id.*

The adversary proceeding before the court concerns allegations of fraudulent conveyance and preferential treatment, both of which are considered core proceedings. *See* 28 U.S.C.A. § 157(b)(2) ("Core proceedings include, but are not limited to . . . (F) proceedings to determine, avoid, or recover preferences . . . (H) proceedings to determine, avoid, or recover fraudulent conveyances."); *see In re Ben Cooper, Inc.*, 896 F.2d 1394, 1400 (2d Cir. 1990) ("Section 157(b)(2)(H) explicitly provides that actions to recover fraudulent conveyances are core proceedings."), *vacated*, 498 U.S. 964 (1990), *reinstated,* 924 F.2d 36, 38 (2d Cir. 1991) ("[W]e have found previously and reinstate today our finding that the adversary proceeding was 'core' . . . ."); *In re Bennett*, 154 B.R. 126 (Bankr. N.D.N.Y. 1992) (noting that preferential transfers to a creditor constitute a core proceedings). The consideration of whether the claims at issue are core or non core is of particular importance, "since it is upon this issue that questions of efficiency and uniformity will turn." *In re Orion Pictures Corp.*, 4 F.3d at 1101.

Having determined that the claims at issue are core matters, the Court turns to the interests of efficiency and uniformity. Judge Hardin is familiar with the facts relevant to the pending summary judgment motion, as he has already presided over a trial in this case denying the debtor a discharge. Thus, the Court finds that the promotion of uniformity in bankruptcy administration, judicial economy, and the bankruptcy court's greater familiarity with the facts in this case militate against this Court deciding Plaintiff's summary judgment motion. *See id.* ("[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues"); *In re*

2

*Century Brass Prods., Inc.*, No. 91-CV-79X, 1992 WL 22191, at *3 (D. Conn. Jan. 7, 1992)

(promotion of uniformity in bankruptcy administration, judicial economy, and the bankruptcy

court's knowledge of the facts warranted denying the motion to withdraw reference).

Accordingly, Defendant's motion to withdraw the bankruptcy reference and application for a stay

are both DENIED.

The Clerk of Court is respectfully directed to close the pending motion (Dkt. No. 1).

SO ORDERED.

Dated:        June ___, 2008
              White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3

Service List:

Richard L. Koral, Esq.
60 East 42nd Street
Suite 2320
New York, NY 10165
(212) 682-1212
*Counsel for Debtor*

Bijan Amini, Esq.
Jonathan Bardavid, Esq.
Storch, Amini & Munves, P.C.,
140 East 45th Street, 25th Floor
New York, NY 10017
(212) 490-4100
Fax: (212) 490-4208
Email: amini@samlegal.com
*Counsel for Plaintiff*

Carl W. Oberdier, Esq.
Jean Cho, Esq.
Schiff Hardin LLP
900 Third Avenue
New York, NY 10022
(212) 753-5000
Fax: (212) 753-5044
Email: coberdier@schiffhardin.com
*Counsel for Defendant*